IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SCOTT HESS,
and others similarly situated,

    Plaintiff,

v.

AUSTIN CARD ROOM, LLC,
and RYAN CROW,

    Defendants.
_____/

C.A. No.:   1:23-cv-209
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SCOTT HESS (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, sue Defendant, AUSTIN CARD ROOM, LLC, and RYAN CROW (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### SUMMARY

1. Defendants operate a card-room enterprise in Austin, Texas. Defendants failed to pay SCOTT HESS and other similarly situated employees the appropriate overtime wages, minimum wage, and unlawfully retaining tips in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq*.

### INTRODUCTION

2. This is an action by Plaintiff his employers for unpaid wages pursuant

to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants has offices Travis County, Texas.

## THE PARTIES

5. Plaintiff, SCOTT HESS, is an individual residing in Travis County, Texas.

6. Plaintiff, SCOTT HESS, was employed by Defendants from August 21, 2019, to approximately July 29, 2022, as a Card Dealer at the rate of $2.15 an hour plus tips.

7. Defendant, AUSTIN CARD ROOM, LLC, is a limited liability company formed and existing under the laws of the State of Texas and maintains its main office in Travis County, Texas.

8. RYAN CROW, is an individual residing in Austin, Texas.

9. Defendant, RYAN CROW, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, AUSTIN CARD

ROOM, LLC, in relationship to Plaintiff, and others similarly situated. By virtue of these activities, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

10. Defendant, RYAN CROW, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendant RYAN CROW is a statutory employer under the FLSA.

11. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

12. Throughout Plaintiff's employment, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. Throughout Plaintiff's employment, Defendant, AUSTIN CARD ROOM, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. Throughout Plaintiff's employment, Defendants were the employer of the Plaintiff and others similarly situated and, as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendants for their employment.

15. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 15, *supra*.

17. Plaintiff and others similarly situated, 1) occupied the position of "Card Dealer;" 2) did not hold a position considered as exempt under the FLSA; 3) were paid on an hourly basis; 4) had tips retained by the Defendants; 5) were paid below the then-current minimum wage; and, 6) did not receive the appropriate overtime pay for all hours worked over 40 in a week.

18. Defendants retained 12% of the tips earned by Plaintiff and all other Card Dealers and distributed 5/6 of the retained tips to management and supervisors. The remaining 1/6 of the retained tips were split amongst other coworkers that were not dealing poker. Despite retaining a portion of dealers' tips, Defendants claimed a tip credit. Such an arrangement is prohibited under the FLSA, *see* 29 U.S.C. §203(m)(2)(B)

19. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by retaining the tips earned by Plaintiff and others similarly situated

and by failing to compensate Plaintiff and others similarly situated at a rate not less than the current minimum wage of $7.25 an hour for each hour worked in a workweek.

20. Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and others similarly situated at a rate not less than one and one-half time the current minimum wage of $7.25 an hour for each hour worked in a workweek.

21. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF AUSTIN CARD ROOM, LLC, WHO WORKED AS CARD DEALERS ANY TIME DURING THE PAST THREE YEARS.

22. This action is properly brought as a collective action for the following reasons:

    a. The Class is so numerous that joinder of all Class Members is impracticable.

    b. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

    c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d.    Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

    e.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

    f.    The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g.    Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

23. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

24. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

25. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

26. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act

diligently with regard to their obligations as employers under the FLSA.

27.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of retained tips, unpaid minimum wages and overtime wages pursuant to 29 U.S.C. § 216(b).

28.     As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of unlawfully retained tips, minimum wages and overtime which was not paid that should have been paid.

29.     Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, SCOTT HESS, and all others similarly situated, demand Judgment against Defendants, AUSTIN CARD ROOM, LLC, and RYAN CROW, jointly and severally, for the following:

   a.   Determining that the action is properly maintained as a class and/or collective action, appointing Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

   b.   Ordering prompt notice of this litigation to all potential Class Members;

   c.   Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d.  Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e.  Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f.  Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.  Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, SCOTT HESS, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this February 24, 2023.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621